838 F.2d 457
 CONTINENTAL ILLINOIS CORPORATION, et al.,
Plaintiffs-Appellees, Cross-Appellants,
v.
Gerald A. LEWIS, in his official capacities as Comptroller
of the State of Florida and Head of the Department
of Banking of the State of Florida,
Defendant-Appellant, Cross-Appellee.
CONTINENTAL ILLINOIS CORPORATION and William D. Plechaty, et
al., Plaintiffs-Appellants,
v.
Gerald A. LEWIS, in his official capacity as Comptroller of
the State of Florida and Head of the Department of
Banking of the State of Florida,
Defendant-Appellee.
 Nos. 85-3165, 85-3949.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 26, 1988.
 
 Bowman Brown, Andrew L. Gordon, P.G. Newcomm, Lee D. Mackson, Shutts & Bowman, Miami, Fla., for Continental Illinois Corp.
 Susan E. Gamble, Asst. Atty. Gen., Eric Joseph Taylor, Dept. of Legal Affairs, Charles L. Stutts, General Counsel, Albert T. Gimbel, Chief Banking Counsel, R. Michael Underwood, Asst. General Counsel, Dept. of Banking and Finance, Tallahassee, Fla., for Gerald A. Lewis.
 Appeals from the United States District Court for the Northern District of Florida.ON PETITION FOR REHEARING
 (Opinion Sept. 22, 1987, 11th Cir., 827 F.2d 1517).
 Before FAY and CLARK, Circuit Judges, and HENDERSON, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Pursuant to Eleventh Circuit Rule 35-6, we treat Lewis' suggestion for rehearing in banc as a petition for rehearing before the original panel. Although we decline to alter our conclusion that the challenged Florida statutes are unconstitutional, we make the following clarification of our previous panel opinion.
 
 
 2
 The President signed the Competitive Equality Banking Act of 1987 ("CEBA") into law on August 10, 1987. The CEBA amended the definition of a "bank" under the Bank Holding Company Act, 12 U.S.C. Sec. 1841 et seq. ("BHCA"). Our previous panel decision, 827 F.2d 1517, which issued on September 22, 1987, did not address these amendments, which broaden the definition of a "bank."[1] Consequently, insofar as our previous panel decision interprets a bank holding company's operation of an industrial savings bank ("ISB") to be always a "non-banking" activity, 827 F.2d at 1519 n. 3, 1521 n. 5, 1523, we were not construing the amended BHCA.
 
 
 3
 Although the petitioner is correct that the amendments to the BHCA have significantly altered the definition of a "bank," we do not agree that the amendments necessarily would make Continental's operation of an ISB in Florida a "banking" activity in every instance. Our prior opinion dealt only with the issues presented to the district court. We cannot now guess what the parties will do or not do as a result of the enactment of the August 10, 1987 amendments. Thus, we reject petitioner's argument that the amendments to the BHCA have mooted this controversy. Therefore, the petition for rehearing is DENIED.
 
 
 4
 In our previous panel opinion, we concluded that "it is necessary to remand the case to the district court for an explanation of the basis for its denial of the plaintiff's motion for attorney's fees." 827 F.2d at 1524 (emphasis added). Continental Illinois now moves for an order clarifying our mandate in order to permit the district court on remand to reconsider its denial of attorneys' fees if otherwise appropriate. Upon consideration of this motion, we make this clarification. Our previous panel opinion stated only that we could not review the district court's ruling for abuse of discretion because the district court provided neither sufficient findings nor a legal basis for its decision. The decision to remand the case to the district court does not preclude de novo review of the attorney's fees issue by the district court, and we direct that the district court consider this issue de novo on remand.
 
 
 5
 Continental Illinois also moves for attorney's fees on appeal. The motion is GRANTED, and we remand the case to the district court for determination of reasonable attorney's fees on appeal.
 
 
 
 [1]
 Before the amendments, the BHCA defined a bank as any institution organized under state or federal law which accepts demand deposits and makes commercial loans. See Federal Reserve Board v. Dimension Financial Corp., 474 U.S. 361, 106 S.Ct. 688, 88 L.Ed.2d 691 (1986). The amended definition also includes all institutions whose deposits are insured by the Federal Deposit Insurance Corporation ("FDIC"), 12 U.S.C. Sec. 1841(c)(1)(A) (as amended), as well as all institutions organized under state or federal law that accept "deposits that the depositor may withdraw by check or similar means for payment to third parties" and make commercial loans. 12 U.S.C. Sec. 1841(c)(1)(B) (as amended)